IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  06-cv-02209-LTB-MEH


KENNETH MCMECHEN,

            Plaintiff,

v.

UNITED STATES OF AMERICA,

            Defendant.
_____

ORDER
_____

This matter is before me on the Motion to Transfer Venue filed by Defendant, the United

States of America  (**Doc # 4, filed on January 5, 2007**), in which it requests that this case, filed

by Plaintiff, Kenneth McMechen, be transferred from this court to the United States District

Court for the Central District of California pursuant to 28 U.S.C. §1404.   After consideration of

the motion and responsive briefing, the motion to transfer is GRANTED for the following

reasons.

**I. Background**

This case involves the alleged loss of Plaintiff's Rolex watch as he passed through

an airport security screening area at the Palm Springs International Airport in California in

December of 2004.  Plaintiff, who asserts that he is a resident of the state of Colorado, was a

passenger on a flight from Palm Springs to Denver.

According to Plaintiff, he reported the loss to the Transportation Security Administration

("TSA") Supervisor at Palm Springs.  He also filed a police report with the Palm Springs Police

Department.  The watch was not found or returned, and Plaintiff subsequently filed this suit seeking damages for his loss of property.

## II. Law

28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This statute is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.  *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (*quoting Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988)).  A transfer is within the discretion of the trial court and its action will be disturbed on appeal only when there has been a clear abuse of discretion. *William A. Smith Contracting Co., Inc. v. Travelers Indem. Co.,* 467 F.2d 662, 664 (10th Cir. 1972).

A party seeking a change of venue under 28 U.S.C.  §1404(a) must establish that:  (1) the action could have been brought in the in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum.  *Wolf v. Gerhard Interiors, Ltd.,* 399 F.Supp.2d 1164, 1166 (D.Colo. 2005) (*citing Chrysler Credit Corp. v. Country Chrysler, supra,* 928 F.2d at 1515).

## III. Analysis

### A.  *Alternative Forum*

Plaintiff does not contest that  jurisdiction of this action would be proper in the requested alternative forum of the United States Court Central District of California under the first step of assessing a motion to transfer venue pursuant to 28 U.S.C. §1404(a).  *See* 28 U.S.C. § 1402 (a

2

tort action against the United States may be brought in the District where the complained-of act

occurred); *see also Wolf v. Gerhard Interiors, supra*, 399 F.Supp.2d at 1166.

## B.  Convenience

My inquiry next proceeds to whether this forum is inconvenient.  When assessing whether

the existing forum is inconvenient, I am to consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of
> proof, including the availability of compulsory process to insure attendance of
> witnesses; the cost of making the necessary proof; questions as to the
> enforceability of a judgment if one is obtained; relative advantages and obstacles to
> a fair trial; difficulties that may arise from congested dockets; the possibility of the
> existence of questions arising in the area of conflict of laws; the advantage of
> having a local court determine questions of local law; and, all other considerations
> of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, supra*, 928 F.2d at 1515.  The "party moving to

transfer a case pursuant to §1404(a) bears the burden of establishing that the existing forum is

inconvenient."  *Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir. 1992).

In support of its motion, Defendant asserts that:  1) none of the complained-of events

occurred here in Colorado; 2) all the pertinent witnesses other than Plaintiff  – including the TSA

Supervisor, the TSA screeners, and the Palm Springs police officer – are in California; 3) the

parties would not be able to compel the non-party witnesses to appear here; 4) the U.S. District

Court of California is more likely to be familiar with the governing law because California law

would apply to Plaintiff's claim; and 4) depositions, discussion with witnesses, review of

documents with the assistance of witnesses and all expert witness-related issues would be more

efficient and economical in California.  Defendant maintains that the only factor that weighs in

favor of this district is that it was Plaintiff's choice of forum based on his residency, as none of the

event alleged occurred here.

In response to these arguments Plaintiff indicates that he will stipulate to Defendant's right to allow any witnesses located in California to testify by telephone regarding his claim. However, as Defendant points out, it would not be able to compel the attendance of the non-party California witnesses at trial – such as the police officer or any TSA employees who leave government employment – perhaps resulting in a trial in which all the testimony except Plaintiff's would be via deposition or telephone.   It appears as though there are considerable factual disputes in this case, and that the testimony of the witnesses in California would be crucial to its outcome.   Furthermore, Plaintiff does not contest that all of the relevant events occurred in California and that the U.S. District Court of California is more likely to be familiar with the governing law because California law applies to Plaintiff's claim.

Therefore, although a plaintiff's choice of forum is generally afforded considerable weight, *id.* at 965, I find that the factors related to convenience in this case weigh in favor of transfer to California.  *See e.g. College Craft Companies, Ltd. v. Perry,* 889 F.Supp. 1052, 1057 (N.D. Ill. 1995)(ruling that when the balance of considerations weigh heavily in a defendant's favor, a plaintiff's home forum is not determinative).  *See also Bailey v. Union Pacific R. Co.*, 364 F.Supp.2d 1227, 1230 (D. Colo. 2005)(finding that under the circumstances there, the convenience of the witnesses and the availability of compulsory process to insure the attendance of witnesses were the most compelling factors).

## C.  Interests of Justice

Additionally, I am not persuaded by Plaintiff's contention that the interests of justice in this case mandate that it remain in Colorado.  Plaintiff argues that forcing him to litigate his claim

4

in Colorado, in light of the relatively small amount of monetary damages involved (less than $7,000.00), would not be in the interests of justice because a change of venue "would essentially render Plaintiff's efforts to obtain relief moot because the expense associated . . . would be so prohibitive as to preclude pursuit of his claim" in California.   Plaintiff asserts that he has limited resources, as compared to Defendant, and that Defendant's claims of a compelling need to transfer and its significant hardship are "disingenuous."   Plaintiff alleges that Defendant's attempted to change the venue are "suggestive of an attempt at economic intimidation as a means of coercing Plaintiff into abandoning his claim."

Despite Plaintiff's unsupported allegations related to Defendant's motive, he does not dispute that the event of this case and the related witnesses and documentation, etc. are located in California, or that the expenses related to preparing for this litigation would be incurred there.   I note that Defendant contends that the issues in this case go beyond Plaintiff's monetary loss as it will allegedly determine the untested extent of the liability of the TSA related to a loss of property during an airport security screen.   As a result, I am not persuaded by Plaintiff's argument that the interests of justice weigh in favor of denying the motion to change venue.

### IV. Conclusion

I conclude that a balance of the considerations weighs in favor of transfer to California. Although Plaintiff brought this action in his home forum, all other weigh in favor of California. Most significantly, Defendant has met its burden to show that California would be a substantially more convenient forum for the parties to litigate this case under the facts presented.   As the situs of the events and the relevant witnesses and evidence, as well as the applicable law, a California court would be better suited to decide this case.   *See Bailey v. Union Pacific Railroad, supra,*

364 F.Supp.2d at 1233 ("there is a local interest in having localized controversies decided at home"); *Sackett v. Denver and Rio Grande Western R. Co.,* 603 F.Supp. 260, 261 (D. C. Colo. 1985).

Accordingly, for the foregoing reasons, Defendant's Motion to Transfer Venue **(Doc. #4)** is GRANTED and this case is ORDERED TRANSFERRED to the United States District Court for the Central District of California.

Dated: February __2__, 2007, in Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE